IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MICHELLE M. LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: _____ |
| | ) |
| KMART CORPORATION, | ) |
| | ) |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant Kmart Corporation ("Kmart" or "Defendant"), files this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446. In support of this Notice, Kmart shows as follows:

1. Kmart is a Defendant in a civil action filed by Plaintiff, Michelle Lane, in the Chancery Court of Knox County, Tennessee. The case is captioned as follows: *Michelle M. Lane v. Kmart Corporation*, Civil Action No. 182266-3. Plaintiff filed her Complaint on or about February 17, 2012. She then filed an Amended Complaint on or about February 24, 2012.

2. In her Amended Complaint, Plaintiff alleges that the termination of her employment by Kmart constituted discrimination on the basis of sex and retaliation in violation of Tennessee law. (Am. Compl. ¶¶1, 29-31.)

### I. Diversity of Citizenship

3. Plaintiff is a citizen and resident of the state of Tennessee. (Am. Compl. ¶2.)

4. Kmart is a corporation organized under the laws of Michigan with its principal place of business in Illinois.

5. As such, diversity of citizenship exists under 28 U.S.C. § 1332.

## II. Amount in Controversy

6. According to her Amended Complaint, Plaintiff seeks to recover various forms of relief, including **back pay, front pay, pre-judgment and post-judgment interest, increases and other appropriate adjustments to Plaintiff's retirement account, out of pocket expenses and incidental financial losses, actual and compensatory damages, punitive damages, and litigation costs and attorneys' fees.** Plaintiff also seeks to recover injunctive relief and "such other and further general relief as she may show herself entitled..." (Am. Compl. ¶32.)

7. The Amended Complaint does not specify a dollar amount for the various categories of damages Plaintiff seeks to recover. The Sixth Circuit has held, however, that this does not defeat removal based upon the amount in controversy requirement because of Rule 54.03 of the Tennessee Rules of Civil Procedure. *See Rogers v. Wal-Mart Stores*, 230 F.3d 868, 871 (6th Cir. 2000). Rule 54.03 provides that "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

8. Because of Rule 54.03 of the Tennessee Rules of Civil Procedure, a Plaintiff can obtain whatever relief a jury deems she is entitled to recover, regardless of the amount that is pled in the Complaint. Due to this rule, courts "allow removal where the Defendant establishes a substantial likelihood or reasonable probability that the Plaintiff intends to seek damages in excess of the Federal amount in controversy requirement." *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

9. Precedent indicates that the nature of claims for discrimination and retaliation under Tennessee law makes it likely that the amount in controversy exceeds the jurisdictional

2
Case 3:12-cv-00143-TAV-HBG   Document 1   Filed 03/26/12   Page 2 of 6   PageID #: 2

threshold of $75,000. *See e.g., Lawson v. Form Rite Corp.*, 1997 WL 34478245 (Unknown Tennessee State Ct.) (awarding $703,467 to a former employee who sued the defendant company claiming sex discrimination and retaliation in violation of state law); *Barbour v. South Central Comm.*, 2011 WL 4397982 (E.D.Tenn.) (awarding $257,184 in a case where the ex-employee alleged she was wrongfully terminated in retaliation for her support of the age and sex discrimination claim brought by another former employee); *Keiser v. Campbell Co. Bd. Of Educ.*, 2011 WL 6010670 (E.D.Tenn.) (awarding $100,000 to a former school teacher who sued the defendant claiming sex discrimination and retaliation in violation of Title VII and state law).

10. The above-referenced authority leaves no doubt that Plaintiff's Amended Complaint contemplates alleged damages in excess of the jurisdictional amount. Moreover, Plaintiff's insistence that her case is worth in excess of $75,000 confirms that this is the case.

### III. Plaintiff Admits She Is Seeking More Than $75,000 in Damages

11. Plaintiff was given the opportunity to stipulate that she is not seeking more than $75,000 in this litigation. (Affidavit of David Hughes ("Hughes Aff."), ¶¶3-4, attached hereto and marked as "Exhibit 2.")

12. On March 5, 2012, Defendant's counsel sent a letter to Plaintiff's counsel inquiring whether Plaintiff is willing to stipulate that she is not seeking and will not accept more than $75,000 in this lawsuit. (Hughes Aff. ¶3, Ex. A.) Defendant's counsel also provided Plaintiff's counsel with a proposed Stipulation at that time. (Hughes Aff. ¶4, Ex. B.)

13. Plaintiff not only refused to stipulate that she seeks less than $75,000.00 in damages but in fact expressly states the opposite. Her counsel states the value of Plaintiff's case is "well in excess of $75,000.00." (Hughes Aff. ¶5, Ex. C.) Although no specific amount of

damages is listed in the Amended Complaint, Defendant has shown by a preponderance of the evidence that Plaintiff seeks in excess of $75,000.00 in damages.

14. Furthermore, the Sixth Circuit has expressly considered a plaintiff's refusal to enter a stipulation agreeing he or she is seeking less than $75,000, when holding that the amount in controversy requirement is met. *See Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (basing its ruling that the amount in controversy requirement was met, in part, on the fact that "at oral argument Plaintiffs expressly refused to stipulate to a damages amount below the amount in controversy requirement").

15. Given Plaintiff's refusal to stipulate that she seeks less than $75,000 in damages, coupled with the fact that her attorney explicitly states the claims are worth in excess of $75,000, Plaintiff clearly intends to seek damages in excess of the Federal amount in controversy requirement. Accordingly, the amount in controversy requirement has been satisfied for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

### IV. Plaintiff's Claims of Discrimination and Retaliation are Removable

16. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and Defendant is entitled to remove this action pursuant to 28 U.S.C. § 1441(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy requirement is satisfied.

### V. Removal is Timely

17. The Summons and Amended Complaint in this action were served on Defendant's registered agent on February 27, 2012. Defendant files this Notice of Removal within thirty (30) days after receipt through service of a copy of the Summons and Amended Complaint, which set

forth the claims for relief upon which the action is based. As such, Defendant timely files this Notice of Removal as prescribed by 28 U.S.C. § 1446(b).

19. Defendant will this day serve written notice to Plaintiff's counsel of record of the filing of this Notice of Removal with this Court, as provided by 28 U.S.C. § 1446(d).

19. Defendant will immediately file a true and correct copy of the Notice of Removal with the Clerk of the Chancery Court of Knox County, Tennessee, as required by 28 U.S.C. § 1446(d).

20. Appended as "Exhibit 1" to Defendant's Notice of Removal are true and correct copies of all process, pleadings, and orders served upon Defendant in the action in Chancery Court of Knox County, Tennessee, as provided by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant hereby removes the above-styled civil action to this Court's jurisdiction.

Respectfully submitted this the 26th day of March, 2012.

                                  */s/David A. Hughes*
                                  David A. Hughes (TN Bar No. 014902)
                                  OGLETREE, DEAKINS, NASH, SMOAK
                                        & STEWART, P.C.
                                  One Ninety One Peachtree Tower
                                  191 Peachtree Street, N.E. - Suite 4800
                                  Atlanta, GA  30303
                                  Telephone:  (404) 881-1300
                                  Facsimile:  (404) 870-1732
                                  david.hughes@ogletreedeakins.com

                                  Counsel for Defendant, Kmart Corporation

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| MICHELLE M. LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| KMART CORPORATION, | ) | |
| | ) | |
| Defendant. | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March, 2012, I electronically filed Notice of Removal with the Clerk of Court using the CM/ECF system, and served true and correct copies on Plaintiff's counsel via Federal Express to the following:

    Peter Alliman, Esq.
    White, Carson & Alliman
    135 College Street South
    Madisonville, TN 37354

    Robert L. Jolley, Jr., Esq.
    800 S. Gay Street, Suite 2100
    Knoxville, TN 37920-9700

                                          */s/David A. Hughes*
                                          David A. Hughes (TN Bar No. 014902)
                                          OGLETREE, DEAKINS, NASH, SMOAK
                                               & STEWART, P.C.
                                          191 Peachtree Street, N.E.- Suite 4800
                                          Atlanta, GA 30303
                                          david.hughes@ogletreedeakins.com