

# CT Corporation

**Service of Process Transmittal**
02/27/2012
CT Log Number 520041786

TO: Legal Intake B6-263B
Sears, Roebuck and Co.
3333 Beverly Road
Hoffman Estates, IL 60179-

RE: **Process Served in Tennessee**

FOR: Kmart Corporation (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michelle M. Lane, Pltf. vs. K-Mart Corporation, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Knox County Chancery Court, TN Case # 1822663 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Plaintiff was employee of the defendant's company, during the taring she was sexually harassment and misbehave form the defendant company and Mr. Michael Johnson, |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/27/2012 at 10:29 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Peter Alliman White, Carson & Alliman, P.C. 135 College Street Madisonville, TN 37354 423-442-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/27/2012, Expected Purge Date: 03/03/2012 Image SOP Email Notification, Legal Intake B6-263B legalint@searshc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street Suite 2021 Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |



EXHIBIT 1

Page 1 of 1 / SJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED

## IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

MICHELLE M. LANE, )
   Plaintiff, )
) 2012 FEB 24 PM 4: 10
v. ) NO. 182266-3
) HOWARD C. HOGAN
K-MART, CORPORATION, )
   Defendant. )

### SUMMONS

To the above named Defendant:   K-MART Corporation
Whose agent for service of process is
C.T. Corporation System,
800 S. Gay St., 2021
Knoxville, TN 37929-9710

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., Plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, Tennessee 37929, an answer to the complaint herewith served upon you within 30 days after service of this summons upon you, exclusive to the day of service, and file a copy of the answer within five (5) days after answer is made. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this 24 day of February, 2012.

   Howard G Hogan
   CLERK

   Patti Bo
   DEPUTY CLERK

Received this ____ day of _____, 2012.

_____
SHERIFF-DEPUTY SHERIFF

### NOTICE

To the Defendant(s): Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the ____ day of _____, 2012, I served this summons and a complaint herein as follows: _____

_____
SHERIFF - DEPUTY SHERIFF

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

## IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| **MICHELLE M. LANE**, <br> 3416 Garden Drive <br> Knoxville, Tennessee 37918 <br><br> Plaintiff, <br><br> VS. <br><br> **K-MART CORPORATION**, <br> whose agent for service of process is <br> C.T. Corporation System, <br> 800 S. Gay Street, Suite 2021 <br> Knoxville, Tennessee 37929-9710 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 182266-3 <br> ) <br> ) JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### FIRST AMENDED AND RESTATED COMPLAINT

Comes the Plaintiff, pursuant to Rule 15.01 T.R.Civ.P., no responsive pleading having been filed, and amends her Complaint as a matter of right as follows:

I. INTRODUCTION

1. This is an action by Michelle M. Lane, a female, former employee of the Defendant for back pay, front pay, compensatory damages, punitive damages, declaratory and injunctive relief arising from the unlawful employment actions of the Defendant on account of Plaintiff's sex in violation of T.C.A. §§ 4-21-301(1) and 4-21-401, et seq.

II. PARTIES

2. The Plaintiff is a female, single mother, a citizen and resident of Knox County, Tennessee and was at all times relevant an employee of the Defendant.

3. Defendant K-Mart Corporation is a foreign corporation whose agent for service is listed above.

III. FACTS

4. Plaintiff began employment with K-Mart as a loss prevention officer in July, 2010.

5. Plaintiff was originally told she would receive $9.75 per hour, however, after she accepted the job, was only paid $9.25 per hour.

6. Plaintiff was the sole female loss prevention officer in her district.

7. The loss prevention training course conducted by the Defendant was taught by Michael Johnson who, during the training, informed Plaintiff how violent he was, how he enjoyed beating people up and told Plaintiff "don't ever throw me under the bus because the bus will run back over you".

8. During her training, where she was the sole female trainee, some of the other trainees would tell sexually oriented, inappropriate jokes and display photos of naked women. These activities made Plaintiff uncomfortable and after it continued, Plaintiff requested the activities cease.

9. After completing training, Plaintiff requested an explanation about the discrepancy in her pay from her supervisor, Charles Simms, who informed her he would see that she would receive an increase if she performed well. Plaintiff did perform well, but never received a pay increase.

10. In early November, 2010 and continuing thereafter, Plaintiff began receiving sexually harassing and explicit telephone calls from Michael Johnson.

11. When Plaintiff informed other employees of the calls, she was told to report them

2

to management, but was afraid to do so because of Johnson's reputation and for fear such a report would adversely affect her job.

12. When the calls from Johnson continued, one of Plaintiff's co-employees reported them to Plaintiff's supervisor in early December, 2010.

13. When the supervisor contacted Plaintiff, Plaintiff told him how she was afraid of Johnson and afraid a complaint by her would adversely impact her employment.

14. The supervisor assured Plaintiff she would be protected and Johnson would have no more contact with her.

15. The supervisor requested Plaintiff give a written and oral statement about the events, which Plaintiff did in early December, 2010.

16. Several weeks passed and Plaintiff continued to receive harassing telephone calls from Johnson.

17. On December 26, 2010, Plaintiff contacted the supervisor to inform him Johnson was still harassing her.

18. The supervisor informed her he had not yet contacted Johnson, but would soon and tell Johnson to have no further contact with Plaintiff.

19. The harassing telephone calls continued through most of January, 2011.

20. In late January, 2011, the supervisor told Plaintiff he had talked to Johnson and instructed him to have no further contact with Plaintiff.

21. On February 1, 2011, the supervisor interviewed Plaintiff about allegations Johnson had made.

22. On March 4, 2011, the supervisor contacted Plaintiff and informed her she was

3

being terminated.

23. When Plaintiff asked why, the supervisor told her he did not know, but told her to contact Defendant's human resources department.

24. Plaintiff was then escorted from the store.

25. When Plaintiff contacted the human resources department, she was told she had been terminated for violating company policy. When Plaintiff asked what company policy she had violated, Plaintiff was told, "the only way you will know is if you get an attorney."

26. Throughout her employment with Defendant, Plaintiff was an excellent employee, never received a reprimand, warning or discipline and met or exceeded all goals set for her.

27. Because of the actions of the Defendant, Plaintiff has suffered actual injury, economic damages, lost wages, physical injury, humiliation, embarrassment, mental and emotional distress, and other consequential damages.

28. The actions of Defendant were willful, wanton, intentional and malicious.

IV. CAUSE OF ACTION

29. The actions of the Defendant as set out above violated T.C.A. § 4-21-401(a)(1).

30. The actions of the Defendant as set out above violated T.C.A. § 4-21-401(a)(2).

31. The actions of the Defendant as set out above violated T.C.A. § 4-21-301(1).

V. PRAYER FOR RELIEF

32. Plaintiff respectfully requests that this Court:

a. enter a declaratory judgment, pursuant to T.C.A. § 29-14-102, that Defendant's actions as complained of above were unlawful discrimination against Plaintiff on account of her

4

sex and was a violation of T.C.A. § 4-21-401(a) and 4-21-301(1).

b.  issue a mandatory injunction directing Defendant to reinstate Plaintiff to the position she would have occupied absent the discrimination;

c.  issue a prohibitory injunction to enjoin Defendant from further acts of discrimination against the Plaintiff in the future;

d.  enter a judgment against the Defendant and in favor of the Plaintiff in the amount of back pay and, if appropriate, front pay owed to the Plaintiff, together with prejudgment interest thereon at the applicable adjusted prime rates from the date on which such wages should have been paid; post-judgment interest, and all other benefits incident to the position to which Plaintiff would have occupied, including, but not limited to, all increases and other appropriate adjustments to Plaintiff's retirement account;

e.  enter a judgment against the Defendant in favor of the Plaintiff for all out-of-pocket expenses and incidental financial losses incurred by Plaintiff on account of the Defendant's unlawful and discriminatory employment practices as complained of above;

f.  enter a judgment against the Defendant and in favor of the Plaintiff for actual and compensatory damages in an amount sufficient to compensate her for the injuries she incurred;

g.  enter a judgment against Defendant and in favor of Plaintiff for punitive damages;

h.  enter a judgment for the Plaintiff for her reasonable attorney fees and costs pursuant to T.C.A. § 4-21-311;

i.  empanel a jury to try this matter;

j.  award the Plaintiff such other and further general relief as she may show herself

entitled to upon a hearing of this cause.

WHITE, CARSON & ALLIMAN

BY: _/s/ Peter Alliman by permission_
PETER ALLIMAN, BPR # 5984
Attorney for Plaintiff
135 College Street South
Madisonville, Tennessee 37354
Telephone: (423) 442-9000

_/s/ Robert L. Jolley, Jr._
ROBERT L. JOLLEY, JR., BPR # 004707
Attorney for Plaintiff
800 S. Gay Street, Suite 2100
Knoxville, Tennessee 37920-9700
Telephone: (865) 521-0963

## COST BOND

We, the undersigned principal and surety, acknowledge ourselves for all costs in this cause.

218.12d

6